STATE *vs.* ANTONETTA ROSSI.

JULY 26, 1945.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J.  This defendant was tried in the superior court upon an indictment for manslaughter. She was found guilty as charged and the trial justice later denied her motion for a new trial. The defendant presses before us a number of exceptions, among which is exception 29 to the court's ruling denying her motion to adjourn the trial, from about 2:30 p. m. on October 7 to 9 a. m. of the next morning, to permit her to obtain the evidence of Dr. John A. Bolster, who resided and practiced in the city of Providence. In view of our conclusion on this exception, it is unnecessary for us to refer to the evidence respecting defendant's guilt or innocence, or to consider any of defendant's other exceptions.

It appears of record that the trial of this case began on Monday, October 4, 1943. On that day a jury was drawn and, after the state had made its opening, a view was taken of certain premises. Evidence for the state consumed the whole of the next two court days and, when the court adjourned on October 6, the state had *not* closed its case. The next morning, Thursday, October 7, and apparently before the court convened, the defendant made application in typewritten form to the trial justice for a subpoena *duces tecum*, hereinafter also called a subpoena for convenience, in strict accord-

ance with rule 21 of the Rules of Practice of the Superior Court, which, in so far as pertinent, requires that the application for such process shall name as specifically as may be the document or documents which the applicant desires to have produced in court. The rule further provides that, except in certain cases not necessary to mention here, the application will be granted in the discretion of the court.

Defendant's application sets forth that it was "necessary for the proper presentation of her case" to have present in court on October 8, at 10 o'clock a. m., all records pertaining to the medical treatment and care of Antonetta Rossi rendered to her by Dr. John A. Bolster of Providence. It then prays that the court issue a subpoena directed to said doctor commanding him to be in court on October 8, at 10 o'clock, a. m., with the above-mentioned records. The application as typed was amended, either by the trial justice himself or at his direction, by interlining the figure "10" in the phrase "at 10 o'clock, A. M." and substituting in ink immediately above such interlineation the figure "9" in each instance. The ruling of the trial justice in this matter is evidenced by the following order, signed and dated October 7 by him, which appears on the face of the application: "Let Subpoena Duces Tecum issue forthwith as above prayed."

A subpoena, dated October 7, was thereupon issued by the clerk of and under the seal of the superior court commanding the attendance in that court of Dr. Bolster with the specified records on the following day, October 8, at 9 o'clock, a. m. This subpoena was then given to a duly authorized officer for service.

When court convened on the morning of October 7, the defense ended its cross-examination of a witness for the prosecution, whereupon the state immediately rested its case. The defendant then moved and argued at some length for a direction of verdict, which motion was denied by the trial justice. Thereafter the defense proceeded to introduce its evidence through five witnesses, one of whom was the defendant herself. A considerable part of this evidence, both

in direct and cross-examination, related to the physical and mental condition of the defendant from about 1938 to within a few days of May 26, 1943, the date in the indictment of the alleged offense. It repeatedly appears in this evidence that Dr. Bolster was the only doctor who had treated the defendant at different times during that entire period for her ailment, the nature and extent of which neither she nor any other of her witnesses was able to specify except in broad and general language.

It so happened that the defense completed the presentation of its evidence through the then available witnesses at 2:30 o'clock in the afternoon of that same day, October 7. What occurred thereafter, in the presence of the jury, between the trial justice and defendant's attorney is best shown by the following rather extensive but necessary quotation from the transcript. It will be noted that the prosecuting officer took no part in this matter.

"Mr. McKiernan: I have no further testimony excepting Doctor Bolster, and I have tried to reach him today. I was unable to reach him. After his testimony I am prepared to rest.

The Court: Is there any rebuttal on the part of the state?

Mr. LaSalle: We have no rebuttal at this state of the testimony.

Mr. McKiernan: After leaving here this noon I called Doctor Bolster's office, and was told that he had gone to Newport. They promised they would try to reach him. I don't know whether they will try, but I find myself in that position at this moment.

The Court: I don't think under the circumstances I should delay the completion of the trial of this case.

Mr. McKiernan: Your Honor, I consider from my point of view the Doctor is a very material witness in this case, and I think his testimony certainly would be helpful to the defense of this case. I feel as counsel for the defendant that the jury should have a right to that testimony.

The Court: The case has been on trial since Monday. The defense knew Monday that if it desired to have the

Doctor here it has had since Monday to summons the Doctor. As far as I know a subpoena was issued this morning to the Doctor.

Mr. McKiernan: That is true, but up until this morning the State hadn't closed and this case has moved since this morning very, very rapidly. Certainly I wouldn't expect to finish with five witnesses in a space of three or four hours in a case of this type under ordinary circumstances.

The Court: I don't think, Mr. McKiernan, I shall delay the trial of this case.

Mr. McKiernan: All I can do is make the request. That is all.

The Court: I understand you are asking the Court to adjourn until tomorrow morning.

Mr. McKiernan: I am, in view of the fact I have a subpoena issued by Your Honor, returnable tomorrow morning at nine o'clock. I don't think this Doctor will take more than ten or fifteen minutes on the stand. I don't see how we could possibly give this case to the jury this afternoon.

The Court: It is now two thirty o'clock. I will deny the motion for a continuance.

Mr. McKiernan: Will Your Honor grant me an exception. Defendant's Exception noted."

This is defendant's exception 29 now under consideration.

It is to be clearly understood that in this case we are not considering nor attempting to formulate any rule to be applied generally in passing on any and every motion for an adjournment that may be made for diverse reasons in the course of a trial. We are here concerned solely with the correctness of the ruling questioned by this defendant in the special circumstances of the instant case as a criminal case and nothing else. No case essentially like the case at bar has been cited to us by the parties and we have found none such in our own investigation.

Under rule 21, hereinbefore mentioned, it was within the power of the trial justice, in his discretion, to grant or deny defendant's application for a subpoena *duces tecum*. On the morning of October 7, while the trial was in progress and the

situation of the parties was therefore well known to him, he deemed it proper and just to exercise his discretion in favor of the defendant. He then ordered the issuance of a subpoena commanding Dr. Bolster to attend the trial with his records on October 8 at 9 o'clock, a. m., as a witness for the defendant. The record before us does not disclose whether before entering that order he made any inquiry or was informed by the defendant of the materiality of Dr. Bolster's testimony. The fact remains, however, that he ordered the subpoena upon the representation in defendant's application that Dr. Bolster's testimony was "necessary for the proper presentation of her case."

The granting of defendant's application was a ruling on a question of law on which the defendant was entitled to rely. When, therefore, in the afternoon of that same day, the trial justice acted contrary to that ruling and deprived the defendant of its benefit, such action was, in our opinion, clearly prejudicial to her, since it tended to deny her a full, fair and impartial trial, especially as he then knew from her evidence that her physical and mental condition was a material part of her defense. Furthermore, such action of the trial justice came *sua sponte*. The state did not urge it or expressly countenance it in any way. In that light, the refusal of the trial justice to adjourn the case as requested was arbitrary and therefore a clear abuse of discretion.

There is another and even stronger ground which compels us to hold that, irrespective of all other considerations, the defendant has just cause to complain about the ruling of the trial justice in question here. In a criminal prosecution the defendant is guaranteed the right, by both the United States constitution and the constitution of Rhode Island, to have compulsory process for obtaining witnesses in his favor, and the further right not to be deprived of life or liberty "without due process of law" or "the law of the land." United States Constitution, art. V and VI of amendments; Rhode Island Constitution, art. I, sec. 10. In the early case of *State* v. *Paul,* 5 R. I. 185, at page 196 of that opinion, Chief Justice

Ames says that our own constitution "as fully secures to persons accused of crime these rights, against the action of our state government, as the articles in amendment of the constitution of the United States secures them to the like persons, against the action of the government of the United States."

Generally speaking, "due process", or its equivalent "the law of the land", is not a guaranty that every ruling of the court shall be correct, but it is a guaranty that the fundamental principles of justice under the law shall not be violated. Furthermore, the constitutional right of a defendant in a criminal prosecution to compulsory process is not a right that may be granted and then subsequently taken away at the sole will of a trial justice without clear legal justification. Where such process is granted, a reasonable opportunity must be afforded to make the process effective and, if necessary for this purpose, a reasonable adjournment of the trial must be granted; otherwise, a defendant will be deprived of his constitutional right to a full, fair and impartial trial according to law. It is the solemn duty of a trial justice to see that this fundamental right of the accused in a criminal prosecution is upheld and sustained.

We need not repeat here the circumstances existing at the time when the trial justice in this case made the ruling which is the subject of defendant's exception 29 under consideration. After serious reflection on the issue before us, we are firmly convinced that the ruling in question was not only arbitrary but that it also was in clear violation of defendant's constitutional rights. In other words, such rights were accorded to her in due course and form and then, without just cause, taken away from her in substance.

For the reasons stated, defendant's exception 29 is sustained, and the case is remitted to the superior court for a new trial.

In the opinion of FLYNN, C. J. and BAKER, J., the law generally governing the rights of a defendant in a criminal proceeding and the conduct thereof by a trial justice, with

reference to delays in the course of the trial to permit a defendant to obtain evidence of an absent and unserved witness, does not support all of the conclusions and reasoning contained in the majority opinion. We have considerable doubt whether a case of this kind should be reversed solely upon the issue presented by exception 29, where, as here, the defendant has not shown anywhere in the record, for consideration by the appellate court, the material testimony which the absent witness would have given and which defendant was deprived of. This doubt is due to what appears to be the great weight of authority in regard to the granting of delays and postponements in the course of a trial for reasons similar to those advanced in the instant case.

However, the action of the trial justice, under rule 21 of the Rules of Practice of the Superior Court, as it appears, and the other peculiar circumstances of this case, might provide a reasonable ground for considering that the trial justice, in denying defendant's request for such a short adjournment, may have acted arbitrarily so as to prejudice her.

Therefore, out of extreme caution to give the defendant in a criminal case the benefit of all such doubts as might be so entertained, we concur in the result, but without subscribing in full to all the reasoning and conclusions appearing in the majority opinion.

*John H. Nolan*, Attorney General, *A. Norman LaSalle*, Asst. Atty. G., for State.

*Peter W. McKiernan, John C. Going, McKeirnan, McElroy & Going, William E. Walsh, Curry & Walsh*, for defendant.